ROBB, Chief Judge,
concurring in result.
I respectfully concur in result. I believe the majority's outcome is not necessarily compelled by Long. In Long, the confinement by removal of the victim was alleged to have resulted in fractured bones, but there was no evidence of a nexus between the removal and the injury. 743 N.E.2d at 259. Here, there was clear evidence of a temporal connection between the injury and the removal, as the victim testified that Greene put his hands around her throat and strangled her to the point of unconsciousness, and when she regained consciousness she was in a different room.
I acknowledge, however, that the language of the confinement statute requires that for criminal confinement to be a Class B felony, it must "result[ ] in" serious bodily injury. Ind.Code § 35-42-3-38(b)(2)(B). When the defendant is charged with confinement by removal causing serious bodily injury, this language would seem to require that the injury occur during the removal and not prior to, even if, as here, the injury likely facilitated the removal, whereas Long simply requires some nexus between the removal and the injury. As the majority has pointed out, the confinement statute has been amended effective July 1, 2014. The "confinement by removal" subsection has been deleted from the definition of criminal confinement, but it has become the basic definition of kidnapping, also a Level 6 felony. See PL. 158-2013, See. 438 ("A person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another commits kidnapping."). In either case, criminal *743 confinement or kidnapping, the offense will be a Level 3 felony if it results in serious bodily injury. Despite separating the two subsections of what is now eriminal confinement, the legislature has not altered the strict language which seemingly requires that the injury occur during the removal.
Because the statute itself precludes the enhancement to a Class B felony, and because neither Greene's trial nor his appellate counsel raised this issue irrespective of Long, I concur with the majority that the post-conviction court properly granted post-conviction relief.